IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA a/s/o
THE GAP, INC. d/b/a OLD NAVY LLC,

    Plaintiff,

vs.                                                      Case No. 2:15-cv-2515

MITSUI OSK LINES, LTD.; CONSOLIDATED
CHASSIS MANAGEMENT LLC; MID-SOUTH
CONSOLIDATED CHASSIS POOL LLC;
TENNESSEE COMMERCIAL WAREHOUSE,
INC. d/b/a TENNESSEE EXPRESS; and
TENNESSEE EXPRESS, INC.,

    Defendants.
_____

## COMPLAINT
_____

Comes now the Plaintiff, Indemnity Insurance Company of North America a/s/o The Gap, Inc. d/b/a Old Navy LLC, by and through its attorneys, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and 28 U.S.C. §1367.

2.    Venue is proper in this district as the incident that gave rise to the Plaintiff's claim occurred in this district.

## PARTIES

3.     At all material times, the Plaintiff Indemnity Insurance Company of North America (hereinafter "IINA" or the "Plaintiff") was and is a corporation with an office and place of business located at 10 Exchange Place, Jersey City, New Jersey 07302, and is the subrogated underwriter of a consignment of Wearing Apparel laden on board the M/V MOL MATRIX, as more specifically described below.

4.     At all material times, The Gap, Inc. (hereinafter "The Gap" or the "Plaintiff") was and is a corporation with an office and place of business located at 2 Folsom Street, San Francisco, California, and was the consignee and owner of the consignment of Wearing Apparel laden on board the M/V MOL MATRIX, as more fully described below. The Gap is a clothing retailer which markets under the name of, *inter alia*, Old Navy LLC.

5.     At all material times, the Defendant, Mitsui OSK Lines, Ltd. (hereinafter "MOL" or the "Defendant") was and is a foreign corporation with an office and place of business located at 160 Fieldcrest Avenue, Edison, NJ 08837 and at all relevant times, was and is still doing business in this jurisdiction and was at all relevant times acting in the capacity of a common carrier of goods for hire.

6.     At all material times, the Defendant, Consolidated Chassis Management LLC (hereinafter "CCM" or the "Defendant") was and is a Delaware corporation with an office and place of business located at 2605 Nonconnah Blvd., Suite 130, Memphis, TN 38132 and at all relevant times, was and is still doing business in this jurisdiction and was at all relevant times acting as a supplier of chassis for use by common carriers of goods by road.

7.     At all material times, the Defendant Mid-South Consolidated Chassis Pool LLC (hereinafter "MCCP" or the "Defendant") was and is a Delaware corporation with an office and

place of business located at 2605 Nonconnah Blvd., Suite 130, Memphis, TN 38132. Upon information and belief MCCP is a wholly owned subsidiary of the Defendant CCM and at all relevant times was and is still doing business in this jurisdiction and was at all relevant times acting as a supplier of chassis for use by common carriers of goods by road.

8. At all material times, the Defendant Tennessee Commercial Warehouse Inc. d/b/a Tennessee Express (hereinafter "TCW" or the "Defendant") was and is a Tennessee corporation with an office and place of business located at 22 Stanley Street, Nashville, TN 37210 and at all relevant times was and is still doing business in this jurisdiction and was at all relevant times acting as a common carrier of goods by road.

9. At all material times, the Defendant Tennessee Express, Inc. (hereinafter "TEI" or the "Defendant") was and is a Tennessee corporation with an office and place of business located at 22 Stanley Street, Nashville, TN 37210 and at all relevant times was and is still doing business in this jurisdiction and was at all relevant times acting as a common carrier of goods by road.

10. The Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and the Plaintiff is entitled to maintain this action.

## RELEVANT FACTS

11. In or about early July 2014 in Vietnam there was delivered to the Defendant MOL and/or its agents, a consignment consisting of 939 Cartons Wearing Apparel (hereinafter "consignment"), all laden in container number TCLU 8053026, then being in good order and condition, which said Defendant received and accepted and in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said consignment

from Haiphong, Vietnam to Gallatin, Tennessee via Los Angeles, California.

12. The Defendant MOL received the subject consignment on or about July 9, 2014 in Haiphong, Vietnam, and upon loading the container on board the M/V MOL MATRIX in Haiphong, issued bill of lading number MOLU15453131730 dated July 10, 2014.

13. The M/V MOL MATRIX arrived in the port of Los Angeles, California on or about July 28, 2014.

14. On or about July 30, 2014, and while the vessel was in the port of Los Angeles, container TCLU 8053026 was discharged.

15. The Defendant MOL thereafter contracted with rail carrier BNSF to transport container TCLU 8053026 by rail from Los Angeles, California to Memphis, Tennessee.

16. On July 30, 2014 the container was delivered to BNSF. BNSF undertook to transport container TCLU 8053026 by rail and said container arrived in Memphis, TN on or about August 4, 2014.

17. The Defendant MOL thereafter delivered the container to the Defendants TCW and TEI for transport of container TCLU 8053026 by road from Memphis, TN to Gallatin, TN, and relied upon its contract with the Defendants CCM and MCCP to supply a chassis for use by the Defendants TCW and TEI to carry the container on the road.

18. On or about August 5, 2014 the Defendants TCW and TEI procured a chassis from the chassis pool operated by the Defendants CCM and MCCP bearing VIN identification number C4126461018330.

19. On August 5, 2014 BNSF delivered container TCLU 8053026 to the Defendants TCW and TEI.

20. On August 6, 2014 while enroute from Memphis to Gallatin, at or about mile marker 42 on eastbound Interstate Route 40 in Fayette County, Tennessee, container TCLU 8053026 caught fire which originated from the aforementioned chassis. Upon information and belief, the fire originated in the right rear axle of the chassis.

21. After the fire was extinguished, the container and chassis were transported to a warehouse operated by the Defendant TCW located at 3770 Homewood Road, Memphis, TN.

22. An inspection of the consignment was undertaken to determine the extent to which any goods might be salvaged. It was determined that the consignment was not salvageable and the entire consignment was determined to be a total loss.

23. As a result, The Gap suffered damages due to the fire. The market value of the goods at the time of the loss was $1,393,450.76.

24. At all times relevant hereto, a contract of insurance for property damage was in effect between The Gap with IINA, which provided coverage for, among other things, loss or damage to the subject consignment.

25. Pursuant to the aforementioned contract of insurance between The Gap and IINA, monies have been expended on behalf of the Gap to the detriment of IINA due to the damages sustained during this transit.

26. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendants, IINA has an equitable right of subrogation and is subrogated, to the extent of the expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendants.

**AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT**

27. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs 1 through 26, as if herein set forth at length.

28. Pursuant to the contract of carriage entered into by the cargo shipper with the Defendant MOL, each of the Defendants owed contractual and statutory duties to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's consignment to the intended receiver in Gallatin, TN in the same good order and condition as at the time the Defendant MOL received and accepted the consignment in Haiphong, Vietnam.

29. The Defendants breached their contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's consignment in the same good order and condition as at the time the Defendant MOL received and accepted the Plaintiff's consignment for carriage.

30. As a direct and proximate result of the negligence, breach of contract, and breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $1,393,450.76.

31. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,393,450.76.

**AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT**

32. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 31, as if herein set forth at length.

33. Pursuant to their obligations as bailees for hire of the Plaintiff's consignment, each of the Defendants owed contractual and statutory duties to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's consignment to the intended receiver in Gallatin, TN in the same good order and condition as at the time the Defendant MOL received and

accepted the consignment in Haiphong, Vietnam.

34. The Defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's consignment in the same good order and condition as at the time the Defendant MOL received and accepted the Plaintiff's consignment for carriage.

35. As a direct and proximate result of the negligence, breach of contract, and breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $1,393,450.76.

36. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,393,450.76.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

37. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 36, as if herein set forth at length.

38. The Defendants owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's consignment to the intended receiver in Gallatin, TN in the same good order and condition as at the time the Defendant MOL received and accepted the consignment in Haiphong, Vietnam.

39. The Defendants breached and were negligent in their duties to carry, bail, keep and care for, protect and deliver the Plaintiff's consignment to the intended receiver in Gallatin, TN in the same good order and condition as at the time the Defendant MOL received and accepted the consignment in Haiphong, Vietnam.

40. As a direct and proximate result of the negligence, breach of contract, and breach

of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $1,393,450.76.

41. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,393,450.76.

**WHEREFORE,** the Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of the Plaintiff against the Defendants for the amount of the Plaintiff's damages in the amount of at least $1,393,450.76, together with interest, costs and the disbursements of this action; and

3. That this Court grant to the Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

BRATTON & O'NEAL, P.C.

By __/s/ Elissa M. Mulrooney_____
G. Ray Bratton - #7522
Gregory W. O'Neal - #15860
Elissa M. Mulrooney - #22209
Attorneys for Plaintiff
675 Oakleaf Office Lane, Suite 200
Memphis, Tennessee  38117-4863
Telephone:  (901) 684-6100
Fax:  (901) 684-6106
e-mail:  raybratton@brattononeal.com
e-mail:  gregoneal@brattononeal.com
e-mail:  emm@brattononeal.com

*F:\Data\Gap\Complaint.doc*